UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:   CASE NO. 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,   CHAPTER 11

    Debtor.
_____/

### JEFFREY EPSTEIN'S WRITTEN OPENING STATEMENT

Jeffrey Epstein ("Epstein"), pursuant to the Court's Order to Show Cause Why Fowler White and Jeffrey Epstein Should Not Be Held in Contempt and Scheduling Evidentiary Show Cause Hearing (D.E. 6366), submits this Written Opening Statement, and states:

### INTRODUCTION

**A.**    **The Court's November 30, 2010 Agreed Order.**

The November 30, 2010, Agreed Order (the "Agreed Order"), which was drafted and approved by Farmer Jaffe and Edwards, was designed solely to keep Fowler White from making copies for itself of the documents it was Bates stamping and reproducing for Farmer Jaffe's and the Special Master's review. The Order provides, in pertinent part:

> The Motion for Relief From Amended Order (D.E. #1068) and to Compel Jeffrey Epstein to Pay for the Production of All Documents in Response to his Requests filed by Interested Party Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. ("Farmer"), was adequately resolved by agreement of the parties as follows. The law firm of Fowler White Burnett, P.A., will print a hard copy of all off the documents contained on the discs with Bates numbers added, and will provide a set of copied, stamped documents to the Special Master and an identical set to Farmer, who will use same to create its privilege log. Farmer agrees to prepare that portion of the privilege log relating to emails on or before December 15, 2010, with the remaining portion due thirty days from the date of this order, subject to other court orders. Fowler White will not retain

>any copies of the documents contained on the discs provided to it, nor shall any images or copies of said documents be retained in the memory of Fowler White's copiers. Should it be determined that Fowler White or Epstein retained images or copies of the subject documents on its computer or otherwise, the Court retains jurisdiction to award sanctions in favor of Farmer, Brad Edwards or his client.

(D.E. 1194.)

There is only one sentence in the Agreed Order that applies to Epstein: "Should it be determined that … Epstein retained images or copies of the subject documents on its [sic] computer or otherwise, the Court retains jurisdiction to award sanctions in favor of Farmer, Brad Edwards or his client." (D.E. 1194, at 2.)

The Agreed Order was a result of Farmer Jaffe not wanting to bear the copying cost associated with responding to Epstein's 2010 Subpoena directed to the Rothstein, Rosenfeldt & Adler Trustee. In an effort to resolve that issue, Fowler White suggested printing and Bates stamping the documents in-house, and then providing copies to Farmer Jaffe and the Special Master. Importantly, the Agreed Order was focused on preventing Fowler White from intentionally keeping copies of documents from the disc at the time the documents on the disc were being Bates stamped and printed in December 2010 or leaving an image on its copiers or computers to be accessed at a later time. The parties to the nearly eight-year-old Agreed Order *in no way* contemplated that the very narrowly drawn prohibitions set forth therein would serve as the basis for a contempt finding against Epstein under the unforeseeable circumstances at hand, particularly where there is simply no evidence of even a single instance of misconduct by Epstein relating to the disc or any documents therein.

The "evidence" in this case points to a single conclusion: That Epstein, from the day the disc was delivered to Fowler White for copying in December 2010 through January 2018, did not

have the disc, know about the disc or receive from Fowler White any of the documents that it copied pursuant to the Agreed Order.  Thus, it was impossible for Epstein to have "retained" any images or copies from the disc in violation of the Agreed Order.

**B.    Link & Rockenbach's Appearance in the State Court Proceeding and the Circumstances of the Disc's Discovery.**

On November 1, 2017, Epstein's counsel, Link & Rockenbach, PA, made its first appearance in *Epstein v. Rothstein, Edwards and L.M.*, No. 50-2009CA040800XXXXMBAG pending in the Fifteenth Judicial Circuit in Palm Beach County, Florida (the "state court proceeding"). At that time, Link & Rockenbach had not yet received Epstein's files from one of his former counsel -- Fowler White Burnett, P.A. ("Fowler White"), whose representation of Epstein terminated over six years ago in May 2012. Epstein asked Fowler White to turn over his files to Link & Rockenbach.

On January 10, 2018, Link & Rockenbach traveled to Miami, Florida, to review Fowler White's files associated with its representation of Epstein, which filled approximately thirty-six boxes. Fowler White, however, was unwilling to release its boxes at that time, so Link & Rockenbach flagged items to be copied.  Inside one of the boxes was a disc labeled "Epstein Bate Stamp" ("the disc") which Link & Rockenbach flagged for reproduction.  Link & Rockenbach did not review the contents of any discs during the January 10, 2018, document review.  Epstein was not present.

On February 1, 2018, Link & Rockenbach received three boxes from Fowler White containing copies of the items flagged for reproduction. Link & Rockenbach's review of the contents of the disc began on February 25, 2018.  That review revealed 27,542 pages of e-mails that were consecutively Bates stamped, which *did not* contain a pre-fix indicating who produced them, or any watermark, confidentiality or privilege designation. Of these, Link & Rockenbach

3

reviewed approximately 5,000 pages, and ultimately identified numerous e-mails that it deemed pertinent to Epstein's defense in the state court proceeding.

**C.     Epstein Testified that He Never Received the Disc and Never Saw Copies of Documents Printed from it Before February 2018.**

The evidence will show that Epstein was not provided with the disc by Fowler White and had no knowledge that the disc existed at all before 2018. Epstein never received a copy of the 27,000+ pages when Fowler White provided copies to Farmer Jaffe and the Special Master in 2010, never had the disc and never knew that it existed in the bowels of Fowler White's file room. When asked about the disc at his deposition on October 13, 2018, Epstein testified as follows:

> Q.     How is it that you can tell us under oath today that you had no prior knowledge of Fowler White having come into possession of a disc relating to your litigation?
>
> A.     So, to be clear, to the best of my recollection today, the answer is no. I have no recollection whatsoever.

(Epstein 10/13/18, Part 1, 25:4-10.) *Also see* Epstein, 10/13/18, Part 1, 25:24-26:8.

> Q.     Have you ever communication with any agent of Fowler White about the disc that was turned over by them to Link & Rockenbach?
>
> A.     No. Not to the best of my knowledge.
>
> Q.     Have you ever communicated with Tonja or Fred Haddad about the Fowler White disc?
>
> A.     Not to the best of my knowledge.
>
> Q.     Did you ever receive a copy of the disc itself?
>
> A.     No.

(Epstein 10/13/18, Part 1, 56:4-13.)

> Q.     Do you see paragraph six in the affidavit before you?
>
> A.     Yes

4

> Q. And it says, quote, I have never seen the CD nor received a copy of it, close quote. Is that correct?
>
> A. That's correct.

(Epstein 10/13/18, Part 2, 15:19-25.)

> Q. When did you first become aware of your attorneys' possession of a disc containing information about L.M.?
>
> ***
>
> A. After February [2018].

(Epstein 10/13/18, Part 2, 20:18-25.)

> Q. Do you know if there were any images or copies of documents retained in the memory of Fowler White's copiers?
>
> A. I do not.

(Epstein 10/13/18, Part 2, 36:23-37:1.)

> Q. Do you have any knowledge of whether or not Fowler White retained images of copies of the subject documents on a computer or otherwise?
>
> A. I do not.

(Epstein 10/13/18, Part 2, 37:11-14.)

> Q. Between November 2010 and February 2018, did you have any knowledge as to whether or not a disc that was the subject of Exhibit 5 was retained by Fowler White?
>
> A. I did not.
>
> Q. Do you know if, in fact, a disc that is the subject of Exhibit 5 was retained by Fowler White?
>
> A. I do not.

(Epstein 10/13/18, Part 2, 37:15-22.)

As explained in greater detail below, the evidence will show that the Order to Show Cause should be discharged, and no sanction against Epstein imposed, for two reasons: 1) Epstein never violated the Agreed Order; and 2) no sanction could either coerce Epstein into compliance or compensate Farmer Jaffe, Edwards or Intervenor L.M. for actual, compensatory losses—because they have none. Based on the evidence that has been and will be elicited in this show cause proceeding, Epstein respectfully requests that this Court discharge its Order to Show Cause and deny the requests of Farmer Jaffe, Edwards and Intervenor L.M. for Epstein to be held in contempt of court or for any other sanctions against him.

### **THE EVIDENCE WILL SHOW THAT THE ORDER TO SHOW CAUSE SHOULD BE DISCHARGED AND NO SANCTIONS IMPOSED BECAUSE EPSTEIN DID NOT VIOLATE THE AGREED ORDER**

The testimony in the depositions authorized by this Court, the sworn declarations of fact and the evidence to be elicited at the evidentiary hearing on this Court's Order to Show Cause show that Epstein never had the disc, did not know Fowler White had the disc and Fowler White never provided Epstein with the disc or copies from the disc and that, without having even known of their existence or ever having received them, it is, therefore, impossible for Epstein to have retained any images or copies from the disc in violation of the Agreed Order. Accordingly, there is no basis to hold Epstein in statutory contempt or impose other sanctions under 11 U.S.C. § 105(a).

There are no disputed facts material to this show cause proceeding regarding Epstein. The Movants have acknowledged that Epstein did not have the disc or even know of the disc's existence before being advised by Link & Rockenbach in February 2018. Further, Epstein has testified that he only received select documents from the disc in February 2018. The select documents were

provided to Epstein after Link & Rockenbach located the disc in Fowler White's boxes in February 2018.

As this Court will see, there is not a shred of evidence that Epstein knew about the disc before learning about it from Link & Rockenbach in February 2018. Farmer Jaffe, Edwards and Intervenor L.M. bear the burden to demonstrate that Epstein violated the Agreed Order by clear and convincing evidence. However, Movants will admit that Epstein did not know the disc existed while it sat, for more than seven years, in Fowler White's file room. Epstein had no knowledge of Fowler White's actions and, regardless of what Fowler White did or did not do, Epstein did not consent to any material action or omission by Fowler White. Epstein has repeatedly informed Farmer Jaffe, Edwards, Intervenor L.M. and this Court that he was never provided with a copy of the disc or its contents when Fowler White provided copies of documents to Farmer Jaffe and the Special Master in 2010 or thereafter, and only learned in February 2018 of the disc's existence and its contents. The Court has properly indicated that it is not considering the imposition of sanctions against Epstein for conduct occurring in the state court proceeding in 2018.

At the conclusion of the show cause proceeding, therefore, based on the evidence, Epstein will respectfully request that the Court discharge the Order to Show Cause and deny all claims for relief by Farmer Jaffe, Edwards and Intervenor L.M. Epstein never violated the Agreed Order.

**CONCLUSION**

There is no material fact in dispute between Epstein and Farmer Jaffe, Edwards and Intervenor L.M.  That is, the Movants for contempt have no evidence (in fact, they have admitted that they have none) that Epstein had the disc, knew about the disc or had any documents from the disc before February 2018.

Accordingly, Jeffrey Epstein respectfully requests that this Court discharge its Order to Show Cause, deny Movants' request for Epstein to be held in contempt of court and to deny Movants' requests for sanctions and any other relief.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2018, a true and correct copy of the foregoing was served electronically to all registered users on the CM/ECF system, which includes counsel identified on the service list below.

                                            RICE PUGATCH ROBINSON STORFER &
                                            COHEN, PLLC
                                            101 N.E. Third Avenue, Suite 1800
                                            Ft. Lauderdale, FL  33301
                                            (954) 462-8000; (954) 462-4300 [fax]

                                            By: /s/ Chad P. Pugatch
                                                CHAD P. PUGATCH (FBN 220582)
                                                cpugatch@rprslaw.com

                                                        - AND –

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                    LINK & ROCKENBACH, PA
                    1555 Palm Beach Lakes Boulevard, Suite 930
                    West Palm Beach, FL 33401
                    (561) 847-4408; (561) 855-2891 [fax]

By: /s/ Scott J. Link
     SCOTT J. LINK (FBN 602991)
     scott@linkrocklaw.com

*Counsel for Jeffrey Epstein*

## SERVICE LIST

| | |
|---|---|
| Jack Scarola<br>Searcy, Denny, Scarola, Barnhart & Shipley, P.A.<br>2139 Palm Beach Lakes Boulevard<br>West Palm Beach, FL 33409<br>mmccann@searcylaw.com<br>jsx@searcylaw.com<br>scarolateam@searcylaw.com<br>*Counsel for Bradley J. Edwards* | Bradley J. Edwards<br>Brittany N. Henderson<br>Edwards Pottinger LLC<br>425 N. Andrews Avenue, Suite 2<br>Fort Lauderdale, FL 33301-3268<br>brad@epllc.com<br>brittany@epllc.com<br>*Counsel for Farmer Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.* |
| Paul G. Cassell<br>S.J. Quinney College of Law at the University of Utah<br>332 S. University St.<br>Salt Lake City, UT 84112-0730<br>cassellp@law.utah.edu<br>*Counsel for L.M., E.W. and Jane Doe* | Peter E. Shapiro<br>Shapiro Law<br>8551 West Sunrise Boulevard, Suite 3000<br>Plantation, FL 33322<br>pshapiro@shapirolawpa.com<br>*Counsel for L.M., E.W. and Jane Doe* |
| Niall T. McLachlan<br>Carlton Fields Jorden Burt, P.A.<br>100 S.E. Second Street, Suite 4200<br>Miami, FL 33131<br>nmclachlan@cfjblaw.com<br>*Counsel for Fowler White Burnett, P.A.* | Isaac M. Marcushamer<br>Berger Singerman LLP<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>imarcushamer@bergersingerman.com<br>*Counsel for Liquidating Trustee* |